1
2
3
4
5
6
7
8

IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

9  RICHARD SMITH, on behalf of himself and all
10  others similarly situated,                                      NO.

11                            Plaintiff,

12        v.                                              **CLASS ACTION COMPLAINT**

13  T-MOBILE, U.S. INC.,                                  **DEMAND FOR JURY**

14                            Defendant.

15

16      Plaintiff Richard Smith, individually and on behalf of all other similarly situated ("Class

17  Members"), brings this Complaint against Defendant T-Mobile, U.S., Inc. ("T-Mobile"), and

18  alleges the following based on personal knowledge as to his own actions, based on his counsel's

19  investigations, and upon information and belief as to all other matters as follows:

20                            **I.      INTRODUCTION**

21      1.      With over 100 million customers, T-Mobile is one of the largest consumer brands

22  in the United States. It collects vast troves of personal information from its customers and

23  prospective customers and profits from that data through its own marketing efforts and by selling

24  sensitive consumer information to third parties. T-Mobile understood it had an enormous

25

CLASS ACTION COMPLAINT
AND JURY DEMAND

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington  98134
206-708-7852 | Fax 206-906-9230

1

responsibility to protect the data it collected and assured consumers through its Privacy Policy that T-Mobile uses "administrative, technical, contractual, and physical safeguards designed to protect your data while it is under our control." Its Privacy Center likewise assured consumers that "[w]ith T-Mobile, you don't have to worry," "[w]e've got your back," and "you can trust us to do the right thing with your data." Yet T-Mobile has repeatedly failed to meet these obligations.

2.    In July 2022, T-Mobile entered into a settlement agreement to resolve multiple consolidated lawsuits on behalf of a nationwide class. The lawsuits arose from a data breach in August 2021, that occurred when a single man used a software tool to access T-Mobile servers. Over the course of two to three weeks this unauthorized actor obtained the personal information of millions of T-Mobile customers. Aside from agreeing to pay monetary damages, T-Mobile committed to major investments to improve its network and data security and to address vulnerabilities that resulted in the release of the personal information of over 50 million customers.[1]

3.    Months after entering into that settlement and committing to improve its data security systems, an unauthorized actor used an application to access the sensitive personal information of its customers yet again. This information including their names, addresses, phone numbers, dates of birth, and account numbers (collectively "personally identifiable information" or "PII").[2]

_____

[1] See, In Re T-Mobile Customer Data Security Breach Litigation 4:21-md-03019-BCW (W.D. MO).

[2] Personally identifiable information generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 CFR § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual. PII also is generally defined to include certain identifiers that do not on their face name an individual, but that are considered to be particularly sensitive and/or valuable if in the wrong hands such as account numbers.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington  98134
206-708-7852 | Fax 206-906-9230

2

4.     On or before January 5, 2023, T-Mobile learned that for more than six weeks between November 2022 and January 2023, an unauthorized actor or multiple actors used an application programming interface to obtain the PII of Plaintiff and 37 million Class Members. T-Mobile already stated that hackers may have obtained names, billing addresses, emails, phone numbers, birth dates and account numbers. T-Mobile also conceded that information such as the number of lines on the account and plan features could have also been accessed.

5.     Plaintiff brings this action against T-Mobile based on its failure to protect and properly secure his and other people's sensitive PII and for their failure to timely advise Plaintiff and others that their PII had been compromised. These class members have already suffered injury and ascertainable losses in the form of the present and imminent threat of fraud and identity theft, loss of the benefit of their bargain, out of pocket expenses, loss of value of their time incurred to remedy or mitigate the effects of the attack, and the loss of, and diminution in value of their PII.

6.     T-Mobile claims it discovered the breach on January 5, 2023. Nevertheless, it waited nearly a month weeks before notifying the public and before notifying customers whose PII may have been compromised.

7.     T-Mobile's members entrust it with an extensive amount of their PII. T-Mobile retains this information on computer hardware and claims to understand the importance of protecting such information. By obtaining, collecting, using, and deriving a benefit from Plaintiff's and Class Members' PII, T-Mobile assumed legal and equitable duties to those individuals.

8.     The exposed PII of Plaintiff and Class Members can be sold on the dark web. Hackers can access and then offer for sale the unencrypted, unredacted PII to criminals. Plaintiff and Class Members face a lifetime risk of identity theft, which is heightened here by the loss of Social Security numbers.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

3

9.     This PII was compromised due to T-Mobile's negligent and/or careless acts and omissions and its failure to protect PII of Plaintiff and Class Members and to avoid sharing their PII without adequately ensuring that its vendors instituted and maintained adequate safeguards.

10.     Plaintiff and Class Members suffered and will continue to suffer injury due to Defendant's conduct. These injuries include: (i) lost or diminished value of PII; (ii) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (iii) lost opportunity costs associated with attempting to mitigate the actual consequences of the Data Breach, including but not limited to lost time, and significantly (iv) the continued and certainly an increased risk to their PII, which: (a) remains unencrypted and available for unauthorized third parties to access and abuse; and (b) may remain backed up in Defendant's or its vendors' possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII. Plaintiff and Class Members have a continuing interest in ensuring that their information is and remains safe, and they should be entitled to injunctive and other equitable relief.

## II.     PARTIES

11.     Plaintiff was a resident of Pierce County, Washington at times relevant to this action and has recently relocated to Pima County, Arizona.

12.     Defendant T-Mobile US, Inc. and its wholly-owned subsidiary T-Mobile USA, Inc. ("Defendant" or "T-Mobile") are a telecommunications company that provides wireless voice, messaging, and data services along with mobile phones and accessories. T-Mobile is headquartered in Bellevue, Washington, and is incorporated under the laws of the State of Delaware.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington  98134
206-708-7852 | Fax 206-906-9230

4

## III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(d)(2), because (a) there are 100 or more Class members, (b) at least one Class member is a citizen of a state that is diverse from Defendant's citizenship, and (c) the matter in controversy exceeds $5,000,000, exclusive of interest and costs. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) because all claims alleged herein form part of the same case or controversy.

14. This Court has personal jurisdiction over T-Mobile because it is headquartered in this District and because it is authorized to and regularly conducts business in the State of Washington.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because T-Mobile's principal place of business is located in this District and, on information and belief, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## IV. FACTUAL ALLEGATIONS

A. **T-Mobile Collects, Stores, and Profits from Consumer Information, and Promises to Keep it Secure**.

16. T-Mobile is a U.S. wireless carrier formed in 1999 following Deutsche Telekom's purchase of VoiceStream Wireless. After the purchase, Deutsche Telekom renamed the U.S. wireless business "T-Mobile." Following a series of mergers and acquisitions – including mergers with MetroPCS in 2013 and Sprint Corporation in 2020 – T-Mobile grew to the second largest wireless carrier in the United States, with over 100 million current subscribers. T-Mobile is a publicly traded company organized and operated for the profit and financial benefit of its shareholders. In 2021, T-Mobile had annual gross revenues of over $80 billion, with net income over $3 billion.

CLASS ACTION COMPLAINT
AND JURY DEMAND

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

5

17. To run its business, T-Mobile collects, maintains, and profits from the PII of millions of U.S. consumers. PII is information that is used to confirm an individual's identity and can include an individual's name, Social Security number, driver's license number, phone number, financial information, and other identifying information unique to an individual. For T-Mobile, this information also includes unique technical identifiers tethered to customers' mobile phones. T-Mobile collects this PII from all prospective and current customers and maintains and profits from the PII regardless of whether a potential customer eventually selects T-Mobile as a wireless carrier. T-Mobile also maintains the PII of former customers for an indefinite period of time.

18. T-Mobile was aware that the PII it collects is highly sensitive and of significant value to those who would use it for wrongful purposes. The Federal Trade Commission ("FTC") defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority."[3] The FTC describes "identifying information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."[4]

19. PII is a valuable commodity to identity thieves once the information has been compromised. As the FTC recognizes, once identity thieves have PII, "they can drain your bank account, run up your credit cards, open new utility accounts, or get treatment on your medical insurance."

20. Identity thieves can use PII such as the PII of Plaintiff and Class Members

---

[3] 17 C.F.R. § 248.201 (2013).

[4] *Id.*

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

6

which Defendant failed to secure, to perpetrate other varieties of crimes that harm victims. A "cyber black market" exists in which criminals openly post and sell PII. Hackers can access and then offer for sale the unencrypted, unredacted PII to criminals. Plaintiff and Class Members face a lifetime risk of identity theft.

21.     Professionals tasked with combatting cybercriminals know that PII has real monetary value in part because criminals continue their efforts to obtain this data. In other words, if any additional breach of sensitive data did not have incremental value to criminals, a reduction in criminal efforts to obtain such data over time would occur. However, just the opposite has occurred, with data breaches rising

22.     T-Mobile's Privacy Policy is available on its website and provides customers with promises regarding the treatment of their PII, including how T-Mobile uses customers' data for its own benefit and profit.[5] For example, T-Mobile confirms that it uses customers' personal data to "[a]dvertise and market products and services from T-Mobile and other companies to you, including through targeted advertising and communications about promotions and events, contents, and sweepstakes"; and to "[c]onduct research and create reports from analysis of things like usage patterns and trends and deidentify or aggregate personal data to create business and market analysis and reports."

23.     T-Mobile further collects and sells customer PII and tells customers that they "may see T-Mobile and other advertisements on your devices-whether you are connected to our network or not. These ads may be targeted to your device based on information that we, the advertiser, and other third parties have about your behavior or interests."

---

[5] Quotes from the T-Mobile website, including its privacy policy, are taken from the website as it existed on November 26, 2022—at the time the data breach was taking place in place, and is available at https://web.archive.org/web/20221123003359/www.t-mobile.com/privacy-center.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington  98134
206-708-7852 | Fax 206-906-9230

7

24. T-Mobile also "works with third parties, including advertising networks, which collect information about you through devices, websites, and apps, serve ads for us and others, and measure their effectiveness. … For example, third parties like Google Ad Manager and Nielsen may use technology to collect data to deliver, personalize, and measure ads for some of our Products and Services. This technology allows tracking of device activity over time across online properties."

25. In addition, T-Mobile partners "with analytic service providers like Google Analytics to help track your use of our products and services." "If your mobile device is turned on, our network is collecting data about where it is. We may use, provide access to, or disclose this network location data without your permission to provide and support our services."

26. After listing the ways T-Mobile benefits and profits from tracking and targeting its customers and non-customers through collecting and maintaining their valuable PII, T-Mobile's Privacy Policy pledges to them that their PII is secure, stating that: (i) personal data will be disclosed only "with your consent, which we may get in writing, online, or orally," and (ii) T-Mobile uses "administrative, technical, contractual, and physical safeguards designed to protect your data while it is under our control." As discussed herein, T-Mobile failed to comply with these promises to protect Plaintiffs' PII.

27. T-Mobile's "Privacy Center" on its website also assures customers that "[w]ith T-Mobile, you don't have to worry," "[w]e've got your back," and "you can trust us to do the right thing with your data." These assurances have proved hollow for the millions of consumers yet again affected by T-Mobile's breach of trust and failure to protect their PII.

28. Plaintiff and Class Members relied on this sophisticated Defendant to keep their PII confidential and securely maintained, to use this information for business purposes only,

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

8

and to make only authorized disclosures of this information. Plaintiff and Class Members demand security to safeguard their PII. By obtaining, collecting, using, and deriving a benefit from Plaintiff's and Class Members' PII, T-Mobile assumed legal and equitable duties to those individuals.

**B.      T-Mobile Again Failed to Protect its Customers' PII**

29.      Despite its claims to know the value of the information with which its customers entrust it, and promises to safeguard that information, T-Mobile has had its systems breached and had its customers' PII stolen multiple times. In January 2021, two breaches in 2020, November 2019, and August 2018, T-Mobile was the subject of well publicized data breaches. Following each breach, T-Mobile claimed it was committed to improving its security and to properly safeguarding the valuable information with which it had been entrusted.

30.      Either its promises were empty, or its improvements were inadequate. In August 2021 T-Mobile experienced one of the largest data breaches in history. An American in his early twenties living in Turkey, used a simple software tool freely available to the public to gain access to T-Mobile's network. The size of the breach was massive. The data of more than 54 million T-Mobile customers was compromised and discovered to be offered for sale on the dark web. A few months later, T-Mobile disclosed that the scope of the breach actually exceeded 80 million individuals whose PII had been compromised.

31.      In an interview, the man who accessed T-Mobile's servers gave The Wall Street Journal his frank assessment of T-Mobile's cybersecurity protections: "[t]heir security is awful."[6]

32.      On July 21, 2022, T-Mobile signed an agreement in which it agreed to pay $350

---

[6] Drew FitzGerald & Robert McMillan, *T-Mobile Hacker Who Stole Data on 50 Million Customers: 'Their Security Is Awful'*, Wall St. J. (Aug. 27, 2021).

CLASS ACTION COMPLAINT
AND JURY DEMAND

Rhodes Legal Group, PLLC
918 South Horton Street, Suite 901
Seattle, Washington  98134
206-708-7852 | Fax 206-906-9230

million to settle the legal claims brought by a nationwide class of T-Mobile customers effected by the data breach. As part of the settlement, T-Mobile agreed to invest $150 million into cybersecurity enhancements above its previously budgeted baseline.[7] In a subsequent SEC filing, T-Mobile claimed it has made "substantial" progress in these enhancements and will continue to strengthen its protections as part of the settlement's multi-year investment program.

33.     As with its previous commitments, T-Mobile's enhancements were, at best, inadequate. On January 27, 2023, T-Mobile announced that it had been subject to yet another data breach—its fifth since 2018.

34.     T-Mobile stated that beginning on or around November 25, 2022 and continuing through January 5, 2023 a "bad actor" manipulated one of the company's application programming interfaces (APIs) to steal customers' names, email addresses, phone numbers, billing addresses, dates of birth, account numbers, and service plan details.

35.     Chester Wisniewski, chief technical officer of applied research at the security firm Sophos described it as disappointing that after as many breaches as T-Mobile has had, "they still haven't been able to shore up their leaky ship."[8] He further noted that "it is also concerning that the criminals were in T-Mobile's system for more than a month before being discovered. This suggests T-Mobile's defenses do not utilize modern security monitoring and threat hunting teams, as you might expect to find in a large enterprise like a mobile network operator."[9]

---

[7] *In Re T-Mobile Customer Data Security Breach Litigation* 4:21-md-03019-BCW (W.D. MO) ECF No. 158-1 at ¶5.1.

[8] Lily Hay Newman, *T-Mobile's $150 Million Security Plan Isn't Cutting It*, Wired (January 28, 2023).

[9] *Id.*

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington  98134
206-708-7852 | Fax 206-906-9230

10

36.     Though it claims to "continue in its efforts" to enhance its cybersecurity program to protect customer data, T-Mobile has not shared with Plaintiff or with Class Members the root cause of the Data Breach, the vulnerabilities exploited, whether similar vulnerabilities exist, and what remedial measures it has undertaken to ensure a breach does not occur again. Plaintiff and Class Members retain a vested interest in ensuring that their information remains protected.

### T-Mobile is Entrusted with Plaintiff's and Class Members' PII.

37.     T-Mobile acquired, collected, and stored Plaintiff's and Class Members' PII.

38.     As a condition of providing services to its customers, T-Mobile requires that its customers entrust it with highly confidential PII.

39.     By obtaining, collecting, and storing the PII of Plaintiff and Class Members, T-Mobile assumed legal and equitable duties and knew or should have known that it was responsible for protecting the PII from disclosure.

40.     Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their PII and relied on T-Mobile to keep their PII confidential and securely maintained.

### Value of Personal Identifiable Information

41.     In announcing the latest data breach, T-Mobile conceded that this breach will cause additional harm to its customers, stating "we understand that an incident like this has an impact on our customers and regret that this occurred."

42.     The ramifications of Defendant's failure to keep secure the PII of Plaintiff and Class Members are long lasting and severe. Once PII is stolen, fraudulent use of that information and damage to victims may continue for years.

43.     The PII of individuals remains of high value to criminals, as evidenced by the prices

CLASS ACTION COMPLAINT
AND JURY DEMAND

Rhodes Legal Group, PLLC
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

11

they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[10] Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[11] Criminals can also purchase access to entire company data breaches from $900 to $4,500.[12]

44.    Among other forms of fraud, identity thieves may obtain driver's licenses, government benefits, medical services, and housing or even give false information to police.

45.    The information involved in this latest breach could be especially useful to attackers for SIM swap attacks, in which they take control of victims' phone numbers and then abuse the access to take over accounts, including by capturing two-factor authentication codes sent over SMS.

46.    The PII of Plaintiff and Class Members was likely taken by hackers to engage in identity theft or and or to sell it to other criminals who will purchase the PII for that purpose. The fraudulent activity resulting from T-Mobile's Data Breach may not come to light for years.

47.    There may also be a time lag between when harm occurs versus when it is discovered and also between the time PII is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be

---

[10] *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at*: https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last accessed August 1, 2022).

[11] *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at*: https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last accessed August 1, 2022).

[12] *In the Dark*, VPNOverview, 2019, *available at*: https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed August 1, 2022).

CLASS ACTION COMPLAINT
AND JURY DEMAND

Rhodes Legal Group, PLLC
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

12

held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[13]

48. At all relevant times, T-Mobile knew, or reasonably should have known, the importance of safeguarding Plaintiff's and Class Members' PII and of the foreseeable consequences that would occur if the PII was compromised, including, specifically, the significant costs that would be imposed on Plaintiff and Class Members.

49. Plaintiff and Class Members now face years of constant surveillance of their financial and personal records, monitoring, and loss of rights. Plaintiff and Class Members are incurring and will continue to incur such damages in addition to any fraudulent use of their PII.

50. The injuries to Plaintiff and Class Members were directly and proximately caused by T-Mobile's failure to implement or maintain adequate data security measures for the PII of Plaintiff and Class Members when releasing that PII to third party vendors.

***Plaintiff Richard Smith's Experience***

51. Richard Smith is a retired Kitsap County Deputy Sheriff.

52. Mr. Smith opened an account with T-Mobile in 2004 while living and working in Washington and maintained that account until August 2004. Mr. Smith then re-opened an account with T-Mobile in March, 2021 in Washington. In the course of opening and then re-opening his account, T-Mobile required Mr. Smith to provide extensive PII.

---

[13] *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:* https://www.gao.gov/products/gao-07-737 (last accessed August 1, 2022).

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

13

53. Mr. Smith learned of the data breach when he received a notice from T-Mobile on or about January 31, 2023 informing him that a breach had occurred and that his personal information was compromised.

54. As a result of the Data Breach, Mr. Smith has spent, and is continuing to spend, time dealing with the consequences of the Data Breach, which includes time spent verifying the legitimacy of the news reports of the Data Breach, at least two hours exploring credit monitoring and identity theft insurance options, and self-monitoring his financial accounts. This time has been lost and cannot be recaptured.

55. Mr. Smith has been careful about sharing his PII. He has not knowingly transmitted unencrypted PII over the internet or any other unsecured source, and stores documents containing his PII in a secure location or destroys the documents.

56. Mr. Smith suffered actual injury in the form of money spent on credit monitoring and identity theft protection as well as damages to and diminution in the value of his PII—a form of intangible property that Mr. Smith entrusted to T-Mobile as a customer, which was compromised in and as a result of the Data Breach.

57. Mr. Smith has also suffered lost time, annoyance, interference, and inconvenience as a result of the Data Breach and has anxiety, distress, and increased concerns for the loss of his privacy.

58. Mr. Smith has suffered additional injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from his PII, especially his Social Security number, in combination with his name and Social Security number being placed in the hands of unauthorized parties and possibly criminals.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

14

59.     Mr. Smith has a continuing interest in ensuring that his PII, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

## V.     CLASS ALLEGATIONS

60.     Plaintiff brings this action as a class action on his own behalf and on behalf of all other persons similarly situated as members of the proposed Class under CR 23(a), (b)2, (b)3, and (c)4.

61.     The proposed Class is defined as:

> All persons residing in the United States whose personally identifiable information T-Mobile obtained, stored and/or shared and which was exposed to an unauthorized party as the result of the data breach referenced in T-Mobile's announcement on January 27, 2023.

Plaintiff reserves the right to modify, change, or expand the Class definition, including proposing Classes, based on discovery and further investigation.

62.     Excluded from the Class are Defendants and Defendants' parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendants have a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

63.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence that would be used to prove those elements in individual actions alleging the same claims.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

15

64. <u>Numerosity</u>. The members of both the Class and the Class are so numerous that a joinder of all members would be impracticable. While the exact number of members in the Class is unknown at this time, preliminary reports are that the PII of 37 million people was compromised and the Class therefore includes millions of members.

65. <u>Commonality and Predominance</u> (CR 23(a)(2) and CR 23(b)(3)). There are numerous questions of law and fact common to Plaintiff and members of the Class. Those common questions of law or fact predominate over questions that may affect only individual Class members. The common issues arising from T-Mobile's conduct predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. The questions of law and fact common to Plaintiff and members of the Class include, among others, the following:

a. Whether and to what extent Defendant had a duty to protect the PII of Plaintiff and Class Members;

b. Whether Defendant failed to adequately safeguard the PII of Plaintiff and Class Members;

c. When Defendant actually learned of the Data Breach;

d. Whether Defendant adequately, promptly, and accurately informed Plaintiff and Class Members that their PII had been compromised;

e. Whether Defendant failed to implement and maintain sufficient security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

f. Whether Defendant adequately addressed and ensured that the vulnerabilities that permitted the Data Breach to occur had been fixed;

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

16

g.      Whether Defendant created and then breached implied contracts with class members.

h.      Whether Defendant was negligent in failing to adequately protect the PII of Plaintiff and the Class;

i.      Whether Defendant's conduct constituted unfair or deceptive trade practices;

j.      Whether Plaintiff and Class members were injured and are entitled to damages as a result of Defendant's wrongful conduct; and

k.      Whether Plaintiff and Class Members are entitled to injunctive relief to redress the imminent and ongoing harm faced because of the Data Breach.

66.      Typicality. Plaintiff's claims are typical of the claims of all Class Members in that the PII of the representative Plaintiff, like that of all Class Members, was compromised in the Data Breach. The evidence and legal theories regarding T-Mobile's alleged failings are substantially the same for Plaintiff and all the Class Members.

67.      Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained capable and competent attorneys who have significant experience in complex and class action litigation, including consumer rights litigation. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel have interests that are contrary to or that conflict with those of the Class.

68.      Superiority and Predominance. Plaintiff and Class Members have suffered and will continue to suffer harm and damages as a result of Defendants' conduct. Absent a class action, most Class members would likely find the cost of litigating their claims prohibitive. Common

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

17

issues in this case also predominate over individual issues because Defendant acted on a substantively uniform basis as to all Class members in the course of safeguarding, or failing to safeguard PII and the common issues listed above are more important to this litigation than any individual issues. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

69. <u>Ascertainability</u>. Class membership is defined by objective criteria. The members of the Class are readily identifiable from Defendant's records.

## VI. CLAIMS

### First Cause of Action

### Negligence

70. Plaintiff incorporates the above allegations as if fully set forth here.

71. As a condition of opening an account, T-Mobile's current and former members were obligated to provide T-Mobile with certain PII, including their names, home addresses, phone numbers, and dates of birth.

72. Plaintiff and Class Members entrusted their PII to T-Mobile on the premise that T-Mobile would safeguard their information, including when sharing their information with third party vendors, and/or not allow their PII to be disclosed to unauthorized third parties.

73. T-Mobile has full knowledge of the sensitivity of the PII and the types of harm that Plaintiff and the Class could and would suffer if the PII were wrongfully disclosed. T-Mobile knew or should have known that Plaintiff's and the Class' sensitive PII was an attractive target to cyber thieves.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

18

74. T-Mobile knew or reasonably should have known that the failure to exercise due care in the collecting, storing, and using of the PII of Plaintiff and the Class involved an unreasonable risk of harm to Plaintiff and the Class, even if the harm occurred through the negligence of a vendor or the criminal acts of a third party.

75. T-Mobile had a non-delegable duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties. This duty includes, among other things, designing, maintaining, and testing both its own, and its authorized vendors' security protocols to ensure that the PII of Plaintiff and the Class that was in Defendant's possession was adequately secured and protected.

76. T-Mobile's duty to use reasonable security measures arose as a result of the special relationship that existed between T-Mobile and its members—including Plaintiff and the Class. That special relationship arose because Plaintiff and the Class entrusted T-Mobile with their confidential PII, a necessary part of being its customers.

77. A breach of security, unauthorized access, and resulting injury to Plaintiff and the Class was reasonably foreseeable, particularly in light of Defendant's inadequate security practices.

78. Plaintiff and the Class were the foreseeable and probable victims of any inadequate security practices and procedures. Defendant knew or should have known of the inherent risks in collecting, storing, and sharing the PII of Plaintiff and the Class, along with the critical importance of ensuring adequate security of that PII at all times.

79. Defendant had the ability to sufficiently guard against data breaches. Defendant's own conduct created a foreseeable risk of harm to Plaintiff and the Class. Defendant failed to heed

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

19

industry warnings and alerts to provide adequate safeguards to protect the PII of Plaintiff and the Class in the face of increased risk of theft.

80.     Defendant breached the duty to exercise reasonable care in protecting Plaintiff's and the Class Members' PII by failing to take reasonable security measures, and by ensuring that its vendors took reasonable security measures, to safeguard and adequately secure the PII of Plaintiff and the Class Members from unauthorized access.

81.     Under RCW 19.255.010(1), T-Mobile also owed a duty to timely disclose to Plaintiff and to the Class Members that their PII had been, or was reasonably believed to have been, compromised. Timely disclosure was necessary so that Plaintiff and the Class Members could take measures to promptly take steps to protect themselves and their assets from identity theft.

82.     T-Mobile breached its duty to timely disclose the Data Breach to Plaintiff and the Class Members. After learning of the Data Breach, T-Mobile unnecessarily delayed notifying Plaintiff and Class Members in a sufficiently conspicuous manner.

83.     T-Mobile has admitted that the PII of Plaintiff and the Class was wrongfully lost and disclosed to unauthorized third persons as a result of the Data Breach.

84.     But for Defendants' wrongful and negligent breach of duties owed to Plaintiff and the Class, the PII of Plaintiff and the Class would not have been compromised.

85.     There is a causal connection between Defendant's failure to implement and/or maintain security measures to protect the PII of Plaintiff and the Class and the harm, or risk of imminent harm, suffered by Plaintiff and the Class. The PII of Plaintiff and the Class was lost and accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such PII by adopting, implementing, and maintaining appropriate security measures.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington  98134
206-708-7852 | Fax 206-906-9230

20

86.     As a direct and proximate result of Defendant's failings, Plaintiff and the Class have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their PII is used; (iii) the compromise, publication, and/or theft of their PII; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of their PII; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from tax fraud and identity theft; (vi) costs associated with placing freezes on credit reports; (vii) the continued risk to their PII, which remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII of Plaintiff and the Class; and (viii) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the PII compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and the Class.

87.     Additionally, as a direct and proximate result of Defendant's negligence, Plaintiff and the Class suffered and will suffer the continued risks of exposure of their PII, which remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PII in its continued possession.

## <u>Second Cause of Action</u>
### Breach of Implied Contract

88.     Plaintiff incorporates the above allegations as if fully set forth here.

89.     T-Mobile required Plaintiff and Class Members to provide their personal information, including names, Social Security numbers, home addresses, phone numbers, dates of birth, and other personal information, as a condition of being customers.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

21

90.     As a condition of being customers of T-Mobile, Plaintiff and the Class Members each provided their personal information. In so doing, Plaintiff and the Class Members each entered into implied contracts with T-Mobile by which T-Mobile agreed to safeguard and protect such information, to keep such information secure and confidential, and to timely and accurately notify Plaintiff and the Class Members if their data had been breached and compromised or stolen.

91.     Plaintiff and the Class fully performed their obligations under the implied contracts with T-Mobile.

92.     T-Mobile breached the implied contracts it made with Plaintiff and the Class by failing to safeguard and protect their personal and financial information and by failing to provide timely and accurate notice to them that personal and financial information was compromised as a result of the Data Breach.

93.     As a direct and proximate result of T-Mobile's above-described breach of implied contract, Plaintiff and the Class have suffered (and will continue to suffer) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; loss of the confidentiality of the stolen confidential data; the illegal sale of the compromised data on the dark web; expenses and/or time spent on credit monitoring and identity theft insurance; time spent scrutinizing bank statements, credit card statements, and credit reports; expenses and/or time spent initiating fraud alerts, decreased credit scores and ratings; lost work time; and other economic and non-economic harm.

### **Third Cause of Action**

### **Invasion of Privacy**

94.     Plaintiff incorporates the above allegations as if fully set forth here.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington  98134
206-708-7852 | Fax 206-906-9230

22

95. Plaintiff and the Class members reasonably expected that the sensitive personal information entrusted to T-Mobile would be kept private and secure and would not be disclosed to any unauthorized third party or for any improper purpose.

96. T-Mobile unlawfully invaded the privacy rights of Plaintiff and Class Members by:

a. failing to adequately secure their sensitive personal information from disclosure to unauthorized third parties or for improper purposes;

b. enabling the disclosure of personal and sensitive facts about them in a manner highly offensive to a reasonable person; and

c. enabling the disclosure of personal and sensitive facts about them without their informed, voluntary, affirmative, and clear consent.

97. A reasonable person would find it highly offensive that T-Mobile, having collected Plaintiff's and the Class members' sensitive personal information, failed reasonably to protect that information from unauthorized disclosure to third parties.

98. In failing to adequately protect Plaintiff's and the Class members' sensitive personal information, T-Mobile acted in reckless disregard of their privacy rights. T-Mobile knew or should have known that its ineffective security measures, and the foreseeable consequences thereof, are highly offensive to a reasonable person in Plaintiff's and the Class members' position.

99. T-Mobile violated Plaintiff's and the Class members' right to privacy under the common law.

100. T-Mobile's unlawful invasions of privacy damaged Plaintiff and the Class members. As a direct and proximate result of T-Mobile's unlawful invasions of privacy, Plaintiff and the Class members suffered significant anxiety and distress, and their reasonable expectations

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

23

of privacy were frustrated and defeated. Plaintiff and the Class Members seek actual and nominal damages for these invasions of privacy.

### Fourth Cause of Action

### Violation of the Washington Consumer Protection Act

101.    Plaintiff incorporates the above allegations as if fully set forth here.

102.    The Washington Consumer Protection Act ("CPA") protects consumers by declaring unlawful all unfair methods of competition and unfair or deceptive acts or practices in commercial markets for goods and services. RCW 19.86.020.

103.    T-Mobile is headquartered in Bellevue, Washington. As such, T-Mobile made relevant decisions, designed and instituted policies and procedures, allocated budgets, and took other actions that ultimately failed to prevent the data breach in Washington.

104.    As alleged herein, T-Mobile has consistently maintained subpar security and privacy measures for the use and retention of its consumers' sensitive personal information. These practices were both unfair and deceptive.

105.    Specifically, T-Mobile engaged in unfair acts and practices in violation of the CPA by failing to implement and maintain reasonable security measures to protect consumers' sensitive personal information, including its failure to remedy the previous deficiencies in its systems and servers that had caused multiple other data breaches.

106.    As a direct and proximate result of T-Mobile's violations of the CPA, Plaintiffs and Class Members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including loss of the benefit of their bargain with T-Mobile as they would not have paid T-Mobile for goods and services or would have paid less for such goods and services but for T-Mobile's violations alleged herein; losses from fraud

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

24

and identity theft; costs for credit monitoring and identity protection services; time and expenses related to monitoring their financial accounts for fraudulent activity; loss of value of their sensitive personal information; and an increased, imminent risk of fraud and identity theft.

107. T-Mobile's conduct occurred in the course of trade or commerce.

108. T-Mobile's conduct affects the public interest because it was part of a generalized course of conduct affecting millions of customers.

109. As a result, Plaintiffs and Class Members seek all monetary and non-monetary relief allowed by law, including compensatory damages; statutory damages; restitution; disgorgement; injunctive relief; and reasonable attorneys' fees and costs.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order:

a.    Certifying this case as a class action, appointing Plaintiff as Class representative, and appointing Plaintiff's counsel to represent the Class;

b.    Entering judgment for Plaintiff and the Class;

c.    Awarding Plaintiff and Class Members monetary relief;

d.    Ordering appropriate injunctive relief including requiring T-Mobile to protect and safeguard all data collected through the course of its business, and to regularly test and update all security measures in accordance with the highest applicable industry standards;

e.    Ordering injunctive relief by appointing qualified independent assessors to regularly audit T-Mobile's security measures on at least an annual basis going forward;

f.    Awarding pre and post judgment interest as prescribed by law;

g.    Awarding statutory damages, reasonable attorneys' fees, and costs as permitted by law; and

h.    Granting such further relief as may be just and proper.

Plaintiff further demands trial by jury.

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington  98134
206-708-7852 | Fax 206-906-9230

25

Dated this 8th day of February, 2023.

RHODES LEGAL GROUP, PLLC



By: _____

    Ari Y. Brown, WSBA #29570
    abrownesq@gmail.com
    Robert Rhodes, WSBA #31089
    robert@rhodeslegal.com
    Rhodes Legal Group
    918 South Horton Street, Suite 901
    Seattle, WA 98134
    (206) 708-7852

    HEENAN & COOK
    John Heenan, (*Pro Hae Vice*)
    Email: john@lawmontana.com
    Joseph P. Cook (*Pro Hae Vice*)
    Email: joe@lawmontana.com
    1631 Zimmerman Trail
    Billings, Montana 59102
    Telephone: (406) 839-9081

**CLASS ACTION COMPLAINT**
**AND JURY DEMAND**

**Rhodes Legal Group, PLLC**
918 South Horton Street, Suite 901
Seattle, Washington 98134
206-708-7852 | Fax 206-906-9230

26